AO 106 (Rev. 06/09)  Application for a Search Warrant

# UNITED STATES DISTRICT COURT

for the

Eastern District of Virginia



JAN – 3 2019

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

| In the Matter of the Search of | )  |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) |
|  | ) Case No. 3:19SW1 |
| USPS Priority Mail Parcel  bearing USPS Tracking Number (P ) 9505 5130 8537 8365 2220 54 | ) |
|  | ) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

At 1801 Brook Road, Suite 200, Richmond, VA 23232, is a US Postal Service Priority Mail Parcel bearing USPS Tracking Number (P ) 9505 5130 8537 8365 2220 54

located in the _____Eastern_____ District of _____Virginia_____ , there is now concealed *(identify the person or describe the property to be seized):*

Narcotics or other controlled substances, as well as contraband related to drug trafficking, e.g., packaging materials; U.S. currency or other financial instruments; customer records; business ledgers, and notations; prescription records; financial records; and other evidence of transactions in relation to the violations referenced in the affidavit

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841(a)(1) | Possession with Intent to Distribute a Controlled  Substance |
| 21 U.S.C. 843(b) | Use of a Communication Facility in the Commission of a Federal Drug Felony |

The application is based on these facts:

See the attached affidavit

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Reviewed by AUSA/SAUSA:

_____
*Applicant's signature*

Adelheid L. Dalton, US Postal Inspector
*Printed name and title*

Sworn to before me and signed in my presence.

/S/

Date: ____1/3/2019____

David J. Novak
United States Magistrate Judge
*Judge's signature*

City and state: Richmond, VA

Honorable David J. Novak, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF APPLICATION
## FOR A SEARCH WARRANT FOR TWO U.S. MAIL PARCELS

**I.**  **Subject Parcel**

This is an Affidavit submitted in support of an Application for a Search Warrant for one

subject U.S. Mail Parcel, hereinafter "the Subject Parcel." The Subject Parcel is currently located

in Richmond, Virginia, which is within the Eastern District of Virginia. The **Subject Parcel is**

**specifically identified as follows:**

| *Subject Parcel* | *Priority Mail Express (E), Priority (P), First-Class (F), or Registered (R) Tracking ID Number* | *From: Name and Address* | *To: Name and Address* |
|---|---|---|---|
| 1 | (P ) 9505 5130 8537 8365 2220 54 | Tracy Hampshire 15013 Halldale Ave Gardena, CA 90247 | Betty Hinton 133 E Belt Blvd Richmond, VA 23224 |

**II.**  **Affiant**

I, Adelheid L. Dalton, being duly sworn, hereby depose and state:

1.      I am an Inspector with the United States Postal Inspection Service (USPIS) and

have been so employed since September 2016.  I completed a twelve-week federal law

enforcement basic training course in Potomac, Maryland, which included training in the

investigation of the prohibited mailing of narcotics, mail theft, aggravated identity theft, bank

fraud, wire fraud and mail fraud. I am currently assigned to the Mail Fraud and Prohibited Mailing

of Narcotics Team for the Washington Division, Richmond, Virginia Domicile. I am responsible

for investigating suspected violations of federal criminal statutes and am also responsible for

conducting complex investigations that includes reviewing and analyzing documents, witness

interviews, and the preparation, presentation, and service of criminal complaints, search warrants

and arrest warrants.

1

The facts and information contained in this affidavit are based on my personal knowledge as well as that of the other agents involved in this investigation. All observations that were not made personally by me were related to me by the persons who made the observations. Sources of information used routinely in this process also include verifying zip codes through a public database maintained by the U.S. Postal Service (*USPS.com*) and checking associations between names and addresses in a law enforcement database named CLEAR. This affidavit contains only that information necessary to establish probable cause in support of an application for a search of the Subject Parcel. This affidavit is not intended to include each and every fact and matter observed by or made known to agents of the government.

Based upon my training and experience in the field of narcotic interdiction through the mails, I know that there are suspicious characteristics common to many packages that contain narcotics and controlled substances. These factors, detailed more fully below, are used as a pointer system to identify packages requiring further investigation.

A totality of characteristics creates reasonable suspicion prior to presenting a parcel to a canine for examination. The Subject Parcel exhibited several of these factors and was also alerted to by a trained canine. While there are many characteristics that experienced inspectors look for, the most common factors or suspicious characteristics routinely observed in the course of screening packages are as follows:

1. <u>Priority Mail Express and Priority Mail</u>. Contrasts observed between legitimate business parcels and drug parcels with regard to the use of Priority Mail Express and Priority Mail:

    a. *Priority Mail Express*: As alternatives to First Class Mail, which does not provide a customer the ability to track the progress of a parcel through the system, the U.S. Postal Service offers Priority Mail Express and Priority Mail. Priority Mail

2

Express is guaranteed (money back) to be delivered on a set date and time, usually overnight. (That deadline is determined at the time of mailing.) The customer receives a receipt with this guaranteed information and can opt for a signature requirement at the other end or not. Customers can track the parcel online by its distinct Priority Mail Express tracking number. The weight of the package and the distance traveled are the two main factors in setting the price. Priority Mail Express costs more than Priority Mail.

b.     *Priority Mail*:  Priority Mail has a delivery service standard of two to four business days, but is not guaranteed. Priority is a less expensive alternative to Priority Mail Express, but still provides the ability to track a parcel.

Legitimate businesses using Priority Mail Express typically have a business or corporate account visible on the mailing label, which covers the cost of the mailing, in contrast to the drug distributor who will pay at the counter with cash or a credit card. Business Priority Mail Express parcels typically weigh no more than eight ounces, and business Priority Mail parcels typically weigh no more than two pounds. Drug packages typically exceed these weights. In my experience, it is fairly easy to separate out smaller parcels, which constitute seventy to eighty percent of all Priority Mail Express and Priority Mail parcels, from other parcels. Address labels on business parcels are typically typed, and address labels on drug packages are typically hand written. Typically, drug traffickers using Priority Mail Express will opt out of the signature requirement.

2.     Invalid Sender/Return Address.  When drugs are shipped through the mails, the senders generally do not want them back. To distance themselves from parcels containing drugs, the return addresses and the names of senders are often fictitious or false. A fictitious or false address can be anything from an incorrect zip code to a non-existent house number or street. The

3

name of the sender is also typically invalid in one of several ways. I have seen packages sent by persons with names of celebrities, cartoon characters, or fictional persona. More often a search of the CLEAR database reflects that there is no association between the name of the sender and the address provided.

3.      Invalid Recipient/Address. It may appear counterintuitive and counterproductive to put the wrong receiving address on a package, but often the named recipient is not associated with the address. This provides plausible deniability to anyone receiving the package as to their knowledge of its contents. Sometimes drug packages are addressed to vacant properties with the expectation that the postal carrier will just leave it at the address. The intended recipient will then retrieve it from that location and hope to remain anonymous.

4.      State of Origin. If other criteria are present, I know from experience and training that domestic packages sent from California, Oregon, Washington, Arizona, Texas, Nevada, Florida and Colorado similar to the Subject Parcel at issue in this application for a search warrant can indicate that a parcel contains controlled substances.

5.      Additional Indicators. Other factors indicative of drug trafficking that are seen less frequently, but nevertheless noteworthy include:

> a.      *Smell*: The odors of cocaine, marijuana, and methamphetamine are distinct, and, through experience, postal inspectors are familiar with these odors. On occasion, a parcel will emit an odor that is easily recognized without the assistance of a canine. Other smells that suggest the contents are narcotics are from masking agents. Common masking agents used in an attempt to thwart law enforcement and canines typically include dryer sheets, coffee, mustard, and any other substance that releases a strong smell.

      b.    *Heavy Packaging*: Heavily taped parcels are another factor that will suggest

a drug parcel.  Your affiant has also observed excessive glue on package flaps.

It is my experience that when these factors are observed, the alert of a trained canine on

the package will follow.  As a result, these factors become a reliable way to profile the parcels

being shipped every day.

## III.   Statement of Facts and Circumstances

On January 3, 2019, the following factors or suspicious characteristics are present in the

Subject Parcel:

| Subject Parcel: Priority Mail Express/ Priority/Registered/ First-Class | Weight of Parcel | FROM/ Invalid Name/Address | Other Suspicious Characteristics |
|---|---|---|---|
| Source Area | Label | TO/ Invalid Names/ Address | Canine Alert |
| Subject Parcel | | | |
| Priority Mail 18" x 14" x 14" | 16 lbs.  0.2 ozs | Name not associated with address | Heavily taped |
| Yes – California | Handwritten | Name not associated with address | Yes – "ARES" |

On January 3, 2019, specifically, Subject Parcel was placed in the work area among other

boxes at the Southside Station Post Office located in Richmond, Virginia.  At that time,

Richmond City Police Department Sergeant Stuart C. Hannah, canine handler, and his narcotics

detecting canine "ARES" were brought in to search the area.  Sergeant Stuart C. Hannah is

employed by the Richmond City Police Department and has been a Police Officer since August

2005.  Sergeant Stuart C. Hannah has been a canine handler since May 2018 and is specifically

trained to interpret the reactions of canine "ARES" in detecting the odor of a controlled

5

substance. Sergeant Stuart C. Hannah observed the canine "ARES" and then informed Postal Inspectors that the dog alerted on the Subject Parcel, which were placed among other boxes.

## IV.    Reliability of the Narcotic Detector Canine

Sergeant Stuart C. Hannah advised this affiant that she and canine "ARES" were trained by the Richmond Police Department Canine Unit. Officer Stuart C. Hannah and canine "ARES" were certified as a team after a 12 week Canine/Handler course in February 2018 under the certification guidelines set forth by the Virginia Police Work Dog Association. Canine "ARES" certification was conducted by a Master Trainer from the Virginia Police Work Dog Association in a "single blind" method (where the results are unknown to the handler). Single blind certification ensures that the handler cannot cue the dog, as the handler does not know the results. Canine "ARES" responds by sitting/laying after the alert has been given. This indicates to Sergeant Stuart C. Hannah the odor of marijuana or its derivatives, cocaine, heroin, ecstasy, and methamphetamine has been detected. Canine "ARES" receives a minimum of thirty (30) hours of monthly re-training each month. Sergeant Stuart C. Hannah and canine "ARES" were certified in May 2018.

Canine "ARES" is currently working as a trained drug dog.

## V.    Conclusion

I submit that based upon the above indicators exhibited by the Subject Parcel, my training and experience, and the alerts of trained canines on the package, that there is probable cause to believe that the above-described Subject Parcel contains narcotics or controlled substances and/or materials or proceeds relating to the distribution of controlled substances through the United States Mail.

Adelheid L. Dalton
United States Postal Inspector

Reviewed by: Peter Duffey
Assistant United States Attorney
Eastern District of Virginia
Richmond, Virginia

Subscribed and sworn to before me
on the 3rd day of January 2019.

/S/

David J. Novak
United States Magistrate Judge

7